Rosa Valdivia
Po Box 207-1996
Trenton, NJ 08602
FN1810421@gmail.com
407-725-2479

**RECEIVED**

JUL 0 7 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Rosa Valdivia,<br>Minor children RosaMaria & Eudoxia Valdivia<br>Plaintiff,<br><br>v.<br><br>Township of Hillsborough Police,<br>379 South Branch Road,<br>Hillsborough, NJ 08844<br>John Doe 1-6<br>Jane Doe 1-6<br><br>Officer Scott McCarthy:<br>Township of Hillsborough Police,<br>379 South Branch Road,<br>Hillsborough, NJ 08844;<br><br>Officer Christopher Joseph Kennedy #1363:<br>Township of Hillsborough Police,<br>379 South Branch Road,<br>Hillsborough, NJ 08844;<br><br>Officer Christopher Michael #2360:<br>Township of Hillsborough Police,<br>379 South Branch Road,<br>Hillsborough, NJ 08844;<br><br>Officer Scott Tyler<br>Township of Hillsborough Police,<br>379 South Branch Road,<br>Hillsborough, NJ 08844; | Civil Action No:_____<br><br><br><br>**CIVIL COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

Township of Manville Police Department,
John Doe 1-6
Jane Doe 1-6
2 North Main Street,
Manville, NJ 08835;

Sgt. Ryan Steier:
Township of Manville Police Department,
2 North Main Street,
Manville, NJ 08835;

Dsgt David Sheffrin:
Township of Manville Police Department,
2 North Main Street,
Manville, NJ 08835;

Det William Sampson:
Township of Manville Police Department,
2 North Main Street,
Manville, NJ 08835;

Officer Franzoso:
Township of Manville Police Department,
2 North Main Street,
Manville, NJ 08835;

Somerset County Jail (Department of Corrections),
Jane Doe 1-6
John Doe 1-6
40 Grove Street,
Somerville, NJ 08876;

Luis E Valdivia,
11 Industrial Drive,
New Brunswick, NJ 08901;

Luis R Valdivia,
11 Industrial Drive,

New Brunswick, NJ 08901;

Elizabeth Gutierrez,
20 Louise Drive,
Manville, NJ 08835;

New Jersey Office of the Public Defender,
Jane Doe 1-6
John Doe 1-6
Office of Parental Representation,
2170 Headquarters Plaza Northwest Region,
Morristown, NJ 07960;

New Jersey Office of the Public Defender,
Jane Doe 1-6
John Doe 1-6
Office of Law Guardian Central Region – Somerset
County,
75 Veterans Memorial Drive East, Suite 203,
Somerville, NJ 08876;

Department of Children and Families,
Jane Doe 1-6
John Doe 1-6
Po Box 729, 50 East State Street, 2nd floor,
Trenton, NJ 08625-0729;

Department of Children and Families
(Children in) Court Staff & Operations Department
Jane Doe 1-6
John Doe 1-6
20 North Bridge Street,
Somerville, NJ 08876;

Department of Children and Families
Multidisciplinary Team
Jane Doe 1-6
John Doe 1-6
40 North Bridge Street,
Somerville, NJ 08876;

Children's System of Care & PerformCare,
Jane Doe 1-6
John Doe 1-6
P.O. Box 717, 50 East State Street, 4th floor,
Trenton, NJ 08625-0717;

Somerset DCPP Worker Sarah Perrot a.k.a  Sarita,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Worker Ashley Cates,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Supervisor Barbara Evans,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Jeniel Gorrell,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Celeste Huggins,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Impact Worker Michelle Marchese,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Impact Worker Veronica Columbo,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Shevera Lopez,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

The Hotline a.k.a Cari Unit
Jane Doe 1-6
John Doe 1-6
P.O. Box 717,
Trenton, NJ 08625;

Somerset DCPP Jacqueline Trainor,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Tami Estrella,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Leah Harris,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Supervisor Carole Murray,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Director Iretha Nalls,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Somerset DCPP Supervisor Belkys Key-Romero,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Myrtha Pacius,
92 E Main Street, 1st floor,
Somerville, NJ 08876;

Lisa Puhala, The Hotline a.k.a Cari Unit
P.O. Box 717,
Trenton, NJ 08625;

Somerset County Local Office,
Jane Doe 1-6
John Doe 1-6
92 E Main Street, 1st floor,
Somerville, NJ 08876;

D. Soult The Hotline a.k.a Cari Unit
P.O. Box 717,
Trenton, NJ 08625;

Dorothy B Hersch Child Protection Center
of St. Peter's Health System
John Doe 1-6
Jane Doe 1-6
123 How Lane
New Brunswick, NJ 08901;

Somerset County Prosecutor's Office
John Doe 1-6
Jane Doe 1-6
20 Grove Street,
Somerville, NJ 08876;

Somerset County Prosecutor's Office
Ms. Katheryn Kutepow
20 Grove Street,
Somerville, NJ 08876;

Somerset County Prosecutor's Office
Ms. Iris Reyes
20 Grove Street,
Somerville, NJ 08876;

Somerset County Prosecutor's Office
Jane Doe 1-6
John Doe 1-6
20 Grove Street,
Somerville, NJ 08876

                                    Defendants.

## INTRODUCTION

1. Plaintiff, [Rosa Valdivia], brings this civil action under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution and New Jersey state law, alleging violations of constitutional rights, false arrest, malicious prosecution, and other related claims against the named Defendants.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 1343 (a)(3), as this action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. Plaintiff Rosa Valdivia is an individual residing at [Po Box 207-1996, Trenton, NJ 08602]. Plaintiff is a U.S. born citizen of the United States and a resident of the state of New Jersey.

6. Defendants, Manville, New Jersey Officers, Hillsborough, NJ Officers, Somerset County Prosecutor's Office law enforcement investigative detectives, Somerset County Jail, Luis E Valdivia, Luis R Valdivia, Elizabeth Gutierrez, Office of Public Defender's Office of Parental Representation and Law Guardian offices, Department of Children and Families, Children's System of Care & PerformCare, Department of Children and Families, Dorothy B Hersch Child Protection Center, Office of Public Defenders, Somerset DCPP Workers, and the CARI UNIT The Hotline (collectively referred to as "Defendants"), are individuals, law enforcement agencies, governmental entities, and organizations allegedly involved in the present ongoing events giving rise to the claims asserted herein.

## FACTUAL BACKGROUND

7. Plaintiff Rosa Valdivia is the mother of two minor children she has been unable to resume her parenting of minor children RosaMaria and Eudoxia Valdivia despite court orders and Defendants interfering with said mother and children rights. Luis E Valdivia is the ex-spouse to Rosa Valdivia. Defendants acted willfully and conspired with each other to fabricate facts with the intention to deprive Rosa Valdivia and her children of their constitutional rights.

8.  From 1992 to the present, Luis R Valdivia and Ms. Elizabeth Gutierrez (upon entering the United States) have constantly interfered with my relationship with Luis E Valdivia. Mr. Luis R. Valdivia assaulted a Middlesex County police officer in my presence on May 13, 1988. I was ten years old at the time. As a result, I have avoided Mr. Luis R. Valdivia ever since, as the encounter ingrained dread in me at a young age. In or around 2008, I was in Union County to see Ms. Maria Elena Jimenez Valdivia, who was married to Luis R. Valdivia, and her daughters (my husband's sisters at the time, Melissa and Evelyn Valdivia). Unsure of what to do, we arranged for child to continue her studies under our care in our marital home in Hillsborough, New Jersey.

9.  Within a few years Ms. Elizabeth Gutierrez gave the impression that she wanted to replace the son we had lost on April 1, 2005, so I thanked her but informed her that we needed time to consider it and that no child could substitute another, specifically our deceased son. Ms. Gutierrez aborted child she had offered to us. Yet in or around 2009, Luis R Valdivia and Grace Patricia Espinal Aybar (Fraudulent Parenting) informed us, via Luis E Valdivia's sister and stepfather, that they were going to abort a child, and if we were interested in adopting, we would be responsible for all child and parent costs (Conversion; parental right violation of wrongful adoption; intentional infliction of emotional distress).

10. In court proceedings under the Department of children and families docket, Luis R. Valdivia would be ruled out as a biological parent in 2020. (fraudulent parenting) Grace Patricia Espinal Aybar Valdivia was court-ordered to take the same test in September 2020. Till present LabCorp stated it was not taken.

11. Elizabeth Gutiérrez, Luis E Valdivia and Luis R. Valdivia have conspired (Interference with custody, intentional infliction of emotional distress, parental alienation) to undermine our verbal agreement and subsequent court order that Eudoxia Valdivia is our daughter.

12. (Conversion) Plaintiff's belief that marriage to her was a fraud perpetrated by Luis E Valdivia, Luis R Valdivia, and Elizabeth Gutierrez in order to obtain citizenship documents for Luis E Valdivia, who was unable to obtain them due to his dishonorable discharge from the army. I'm realizing presently this was their intention with our marriage. Both Luis E and Plaintiff are first cousins married on December 2019 and remarried in July 2011. Luis E Valdivia came into the county on or about his 12th year birthday and entered the U.S. Army reserves later in his years.

13. Plaintiff and her family were consistently asked for money from Luis E Valdivia and Luis R Valdivia stating they required it for Eudoxia as she was born in Lima, Peru with various medical conditions, and paperwork needed processing to bring to the United States. (Conversion)

14. During Plaintiff 7-month pregnancy of Luis E Valdivia child Somerset County law enforcement officer and municipal Judge gave Plaintiff first restraining order. This would

be the first restraining order Plaintiff would obtain that collaborate court records on February 28, 2019. Unfortunately, Luis E Valdivia and his girlfriends through the years would threaten Plaintiff harm. In these years Plaintiff filed a complaint with municipal court and girlfriend would be found guilty and ordered to pay a fine for threatening and harassment of minor child our first-born Gabriella Valdivia and mother.

15. Using our son's mortality on April 1, 2005, and subsequent our twin's premeditated abortion as leverage, Luis E. Valdivia and Elizabeth Gutiérrez psychologically and emotionally coerced Plaintiff into aborting our twins. Imposing the alleged possibility of guardianship without any intention of implementing what was confirmed with documentation, court guardianship, and future Counsel notarized statements through attorneys.

16. It appears more likely that after Luis E. Valdivia is beginning to incorporate hearsay with the court, law enforcement and DCF with the premeditated intent to deprive Plaintiff and children of their rights.

17. Intentionally inputting in 2005 false domestic violence by Luis E Valdivia Plaintiff was never separated from child Gabriella Valdivia. Yet both Luis E Valdivia and Rosa Valdivia were given cross restraining orders by municipal court judge and law enforcement in Hillsborough, NJ.

18. In June 2005, following a court-ordered risk assessment, it was discovered Luis E Valdivia perjured himself in Court to obtain a false cross-restraining order based on false allegations would later be expunged, yet Department of Children and Families would input in their reporting knowingly knowing it was court ordered expunged years later. Department of children and families knew risk assessment was held at Family Crisis Intervention Unit in Somerville, NJ. Plaintiff was not a threat and was a good mother. Two years later, Luis E Valdivia would again admitt to another therapist that he had lied under oath to obtain a cross-restraining order.

19. DCF was aware of Luis E Valdivia and his family's lies per their own paperwork they were court ordered to submit in May 2022 but not received into several months later. Labeling and designating Plaintiff as a child abuser while omitting germane information to blindside the court with the admission of child abuse and neglect by Mr. Luis E. Valdivia against our children on March 22, 2021. DCF was also aware of Luis E Valdivia's domestic violence pattern and history which was presented to the Court as Plaintiff being the perpetrator of those acts. Department of children and family's failure to intervene, selective persecution biased intimidation, failure to provide due process, etc., has caused this matter to be presented as till present Plaintiff has no ability to even speak to minor children.

20. On November 14, 2017, Plaintiff called Hillsborough local police department due to Plaintiff's and Luis E Valdivia underaged child missing. Officers Patrolman

D'Anunciacao, Officer Ryan Steiger (Manville PD), and Corporal Scholz failed to intervene when Officer Scott McCarthy falsified a police report with abuse allegations towards both Luis E and Rosa Valdivia. Sgt. Ot approved the police report. This report was never corrected and, till presently, has served to continue with falsities to alienate and interfere in the custody of minors.

21. Officer Scott Mcarthy referred the matter to DCF State Central Registry DCP&P screener #1389 Chris, as well as the Family Crisis Intervention Unit in Somerville, NJ. On November 29, 2017, Ms. Erica Lenzo from the Hillsborough police department sent Rosa Valdivia an emailed copy of this investigative report and directed any questions to the juvenile detective.

22. On December 8, 2017, Manville received a police report of harassment and threats coming from Luis E Valdivia and failed to arrest him and investigate properly. This report was investigated and closed by Manville police officers Michael Zangrillo and Officer John Chismar. Failure to intervene when the adult who abducted our daughter on November 14, 2017, was in a child endangerment situation with this man and his associates. This was discovered in the DCF child welfare proceedings. (Discrimination, procedure abuse. Equal protection, due process)

23. On December 21, 2017, after a thorough medical, law enforcement, family, school, and friends collaterals DCF Jeniel Gornell and supervisor Barbara Evans closed the case as a "not established" taking pictures of one of the children Eudoxia Valdivia feet. (abuse of authority)

24. In the year 2018, while driving, Luis E. Valdivia struck and threatened to murder our daughter, per DCF reporting, which I was not aware of until recently as not all discovery till present has still been complied with. Despite a court order that I am to receive discovery at the Courthouse. At present Courthouse states it shredded all boxes sent by DCF in the year 2022. This was never referred to Department of children and families by Hillsborough, NJ law enforcement. (failure to intervene)

25. Again, another DCF worker Mr. Adam Pinkley suggested Performcare through the Children System of Care, could provide therapy assistance with our family. DCF closed the case, leaving us with a Children system of care worker who was clearly overwhelmed by what our family was going through and unable to provide the medical intervention required At all times Defendants were aware of Luis E Valdivia's mental health diagnosis' of bipolar, severe depression, anxiety, and ADHD. Luis E Valdivia was diagnosed in 2013 by several medical professionals. DCF was provided medical reports yet in their reporting they accuse Plaintiff of mental health disorders. (Breach of Fiduciary Obligation, equal protection violation and Negligence)

26. On January 1, 2019, Hillsborough law enforcement and Judge Francesco Taddeo issued Plaintiff third no-contact restraining order against Luis E. Valdivia and his accomplices. Plaintiff was kicked in the ribs by Luis E Valdivia in the presence of minor children. Luis E Valdivia family Miriam and Luis R. Valdivia, both trespassed on our property, threatening Plaintiff with becoming destitute, homeless, and barren.

27. Law enforcement took pictures and called the DCF State Local Registry. (Nonintervention, Violation of due process) On January 1, 2019, Luis E. Valdivia was detained for (Assault) domestic violence in the presence of minors. All three children were listed on restraining order.

28. On or about January 5, 2019, Judiciary staff hearing officer Nancy McCormick and probation officer Lizeth Vannes took false perjured statements of Luis E Valdivia (fraud/Abuse of process/negligence) indicating he had spoken with Counsel and law enforcement, who advised him to obtain a cross restraining order against Plaintiff in Courthouse.

29. On January 4, 2019, Luis E Valdivia only requested for our minor child RosaMaria, not our other two daughters. Moreover he informed the Court that he had other sources of income, that he would never set foot in our marital home again, and that he had filed a cross-restraining order after he was initially denied and arrested by law enforcement. (Fraud, negligence) This law enforcement report contains the 2013 mental health diagnosis of Luis E. Valdivia.

30. It is evident from a thorough review of the 1/4/2019 transcript record that Luis E. Valdivia does not state he is afraid of me, which is a requirement for obtaining a restraining order in the first place. Yet both the probation officer and hearing officer advise Luis E Valdivia that police officers have to listen to court orders and even advised him to show the order being provided to him.

31. The Department of Children and Families was reminded of this information and Luis E Valdivia's medical diagnosis but nonetheless chose to use it to persecute me selectively. (Malicious prosecution, violation of due process/equal protection, and slander)

32. From January 2019 to the present, I have had multiple conversations with the Somerset County Prosecutor's Office including the Office of Victim Advocacy, as children were impacted by Luis E Valdivia and his family's violent temper, character assassination of his mother, and irrepressible volatile impulses. (Negligence, Violation of civil rights, due process, and equal protection, Failure to Intervene) All against court orders.

33. On February 28, 2019, Judge John McDonald, tired of the back-and-forth between Counsel, issued cross-restraining orders despite all three restraining orders being approved for Rosa Valdivia and not Luis E. Valdivia by the municipal judge and local township

police (negligence/Breach of Fiduciary duty) Ignoring children/child being listed on current and past domestic violence as well as Luis E Valdivia mental disorders. Furthering the domestic violence history and pattern Judge John McDonald court ordered a nesting situation wherein the domestic violence spread to my children and family.

34. (Violation of Due Process and Equal Protection) In addition, the Judge stated on this date that he believed Mr. Luis E. Valdivia had deceived him during his testimony and that he had infected Rosa Valdivia with a debilitating STD. (negligence) Ignoring the belief that Luis E Valdivia had perjured himself to obtain the cross restraining order Judge never enforced any of the orders till present.

35. Officer Kelly Dillon of Hillsborough police gave Gabriella Valdivia a pink victim form on June 16, 2019, advising her to go to Superior Court domestic violence to obtain domestic violence (failure to intervene, violation of due process, and violation of equal protection). The Hillsborough police department was aware or should have been aware that Luis E. Valdivia speaks differently depending on his audience and of the increase of domestic violence by Luis E Valdivia to Rosa and her children as they received various walk-ins from Luis E Valdivia. Rosa Valdivia went with children and they interviewed children various times about the abuse by Luis E Valdivia and his family.

36. Since January 4, 2019, Luis E presented himself multiple times to both Manville and Hillsborough police to attempt a contempt of court against me until children were forced into his care by DCF caseworker Ashley Cates and Officer Ryan Steiger, ignoring the fact that Luis E himself violated the order by entering my nesting home on the day he had law enforcement arrest me. (failure to intervene, violation of due process and equal protection, breach of contract, interference with custody)

37. On June 27, 2019, judicial staff Diana Vallejo improperly filed a continuance order in Docket FV-18-901-19 under Docket #FV-18-490-19 to resolve the "nesting issue" before trial. Plaintiff's domestic violence order had nothing to do with Plaintiff's mother and daughter's restraining orders against Luis E Valdivia by law enforcement. Yet, Judge again failed to intervene, enforce his own orders and would only hear Mr. Luis E Valdivia's motions that were not even submitted on proper court paperwork but Plaintiff's were denied because of self representation. (due process and equal protection)

38. Plaintiff was compelled to intervene in the dispute between my daughter and her ex-husband, despite not being present or permitted in the marital home during Luis E. Valdivia's fury to Plaintiff family or children. (negligence) Judiciary Staff Ms. Vallejo has always taken complaints from me, my family, and Luis E. Valdivia, but only Luis E. Valdivia's complaints are ever heard or given any deference.

39. On July 29, 2019, the Central State Registry referred Department of Children and Families employees Celeste Huggins and Tami Estrella for breach of contract (negligence/violation

of due process/select persecution). Central State Registry referent Giovana Valdivia (intentional infliction of emotional distress) claimed she had heard from family members that Plaintiff had abused Eudoxia and intentionally inflicted scalding injury.

40. The County Prosecutor's office decided not to prosecute the case after being contacted by DCF. Supervisor Shevera Lopez signed off on this investigation.

41. D Soult screener is the same creator of the referral done on November 14, 2017. Workers went to interview children while in the care of Luis E Valdivia. This report was not established. This report was also used in the FN proceedings and was relied on by the Judge to continue the separation from my children.

42. On August 25, 2019, Mary Decker sent DCF a signed certification of documents from Chief Michael McMahon, which was used in court and has discrepancies and missing signatures of approval from the one Plaintiff received in 2017.

43. A Children of System of Care employee reported sexual abuse allegations against Luis E. Valdivia on July 2, 2020, and DCF employees Sarita Perot and Ashley Cates, with impact workers, came out to the nesting home and spend hours attempting a Dodd removal. Yet they advised Rosa Valdivia that the court ordered a safety protection plan, and we would be going to court. (civil rights violations, breach of contract, intentional infliction of emotional distress, and malicious prosecution) The referent was a therapist and against Luis E Valdivia, not Rosa Valdivia. This referral was screened and created by DCF worker Lisa Puhala.

44. On July 2, 2020, DCPP SPRU workers Michelle Marchese and Veronica Columbo unlawfully searched the residence, separating the children from me and coercing testimony from my family without proper Miranda warning or consent, stating they were there on a referral called in. They didn't ask for consent to speak to any of my children; they just stayed outside of my house and were on the phone for hours. Approached Rosa Valdivia and their family stating Plaintiff was being court-ordered supervision as there was clear child abuse going on in their eyes.

45. A forensic examination of EM's body and psyche conducted on August 25, 2020, by the Dorothy B Hersch Child Protection Center of St. Peter's Health System stating that minor child was examined at the request of Department of children and families. Around this time Katheryn Kutepow of Somerset County Prosecutor's Office contacted the Department of Children and Families to request health and physical evaluation records for minor children.

46. Child sexual exploitation (breach of fiduciary duty) of Gabriella Valdivia was filed by Sarita Perrot in a Manville police report against Luis E Valdivia who transferred it to Hillsborough, NJ.

47. Elizabeth Gutierrez was falsely alleging information to Dorothy B. Hirsch Child Protection Center doctors and Somerset County Prosecutor's Office. (inconsistent application of laws guaranteeing equitable treatment). Ms. Gutierrez further suggested she was a doctor in her own country and asserted her falsities into Dorothy B Hersch Child Protection Center.

48. On March 19, 2021, Katheryn Kutepow and Sean Fraser met with Luis E. Valdivia in the office of the Somerset County Prosecutor. False accusations; invasion of privacy; violation of due process and equal protection; civil rights violations were violated at this time. Detective Kutepow was scheduled to testify at FN1810421 hearings on March 22, 2021, to cast light on her 2020 investigation into Gabriella Valdivia, Eudoxia Valdivia, Luis E. Valdivia, and Elizabeth Gutierrez yet failed to present herself to child welfare proceedings. (Inaction, Process Abuse, and Intentional Emotional Harm)

49. After the prosecution rested on April 6, 2021, all references to the events Plaintiff being arrested for an alleged violation on October 18 and subsequent November 12, 2020, Hillsborough and Manville, NJ were court ordered expunged. Yet Public defender's office mentions them till present. Yet expungement has not worked as it comes up presently. (Infringement of human rights) On April 6, 2021, my innocence for this arrest was established; consequently, the proceedings against me should have been dismissed. Yet presently they are on the charges brought by the State on July 12, 2021.

50. Officer Christopher Kennedy of Hillsborough, NJ, under penalty of perjury, testified regarding a fraudulent police report from October 18, 2020.

51. Throughout the FN proceedings, and even up until now in Counsel's brief, this arrest and proceedings were debated to further the parental alienation and civil rights violation of my children against me. The county attorney was aware of this because I had emailed them pertinent documents, yet they attempted to persuade the judge that they had disclosed all relevant discovery information when they had not. (Violent oppression)

52. On April 13, 2021, Detectives Sean Fraser and Kathryn Kutepow paid a visit to my court-mandated nesting residence in Manville. (Malevolent harassment)

53. On April 28, 2021, Detectives Iris Reyes and Kathryn Kutepow arrived at the Manville residence where I was residing as part of my court-ordered nesting, alleging that "family dynamics" needed to be evaluated. I explained that between my caseworker and my ex ongoing oppressive harassment of the police, I do not feel secure traveling alone. (Financial mismanagement)

54. Ms. Lizeth Vaness, a member of the judiciary personnel, sent me an email on 13 May 2021 with the 2020 expungement. I approached the Hillsborough police to file an internal affairs investigation, who informed me that their information was being received by DCF.

55. Both the Manville and Hillsborough police departments have stated that they will not amend their reports to reflect the obvious fabrications. Denial of Due Process/Negligence

56. Plaintiff having complained to the   ADA coordinator, Treasury Department, the Department of Advocacy, and the Department of Internal Affairs, but till present only received silence, communications to cease and desist complaining or no response.

57. On March 22, 2021, many of the witnesses did not testify; namely, Detective Katheryn Kutepow did not present her forensic videotaped interview of Eudoxia Valdivia, and other interviews of DCF workers, Luis E Valdivia, and Elizabeth Gutierez.

58. The last time Plaintiff spoke with the Prosecutor prior to Plaintiff  arrest on July 13, 2021, Plaintiff informed Katheryn Kutepow to not coerce Plaintiff children into providing testimony in violation of their civil rights regarding the FN case.

59.  Plaintiff children had been complaining and even felt as if they were being followed. Later I would find out Detective Kathern Kutepow had coerced testimony from two of my children with the assistance of DCF worker Ashley Cates and Sarah Perrot. (Malicious persecution)

60. I was exhausted and terrified of the false allegations and what my children were saying to me about being in Luis E Valdivia's care. I asked several times to have children be witnesses and finally on February 18, 2020, Judge John McDonald interviewed children in his chambers. Till present I have been requesting said interview for my defense and have been consistently denied amongst other things.

61. In the Department of children and families docket Public Defender's office all stated it wasn't necessary for minor children to testify as DCF collaborates their own stories. (Violation of petitioning the Court)

62. Department of Family and Children's inflammatory reporting (discrimination/defamation) during Court proceedings that had a consistent of virtual problems only upon Plaintiff's objections or cross examination of witnesses. (negligence)

63. Child welfare Judge stated to have in person hearings which were never adhered to by the Office of Public Defenders and others. Plaintiff would present herself in Court and be put in safe room to see if it would stop the issues with the virtual platform only to be muted and if lucky enough have Judge comment on record Plaintiff was trying to speak. Judge would cite on the record that Plaintiff couldn't be heard. Plaintiff was being muted by Children in Court staff Plaintiff had no ability to do anything in saferoom as controls were always in Children in Court staff. Plaintiff complained various times till present of such violations.

64. DCF closed their proceedings on September 22, 2022, with restraints only on Plaintiff despite there being three other codefendants. Based on therapists reports who never testified and presently does not even want to speak to Plaintiff therapists.

65. During proceedings Plaintiff advised the Court that she was being seen by therapists that were ignored by the Office of Public defender's investigation process despite having a medical release to speak to them.

66. Department of children and families only uses Children Systems of Care contracted PerformCare employees during FN proceedings. (Due Process Violation and Equal Protection Violation).

67. None of the Children Systems of Care who are contracted with PerformCare testified under oath (Due process/equal protection). Their reporting remain only for DCF usage for the Court despite the Court advising due process will be adhered to on more than one occasion.

68. During these occasions, I was unaware that Detective Katherine Kutepow was intentionally (interfering with my parenting time maliciously) while I was attending my scheduled visits in the DCF Somerville office with minor children. Unbeknownst to me, Ms. Kutepow was aware of the court proceedings and law enforcement reports concerning me and my immediate family. (Violation of due process/equal protection/breach of duty)

69. An infringement of civil liberties On or about July 6, 2021, Ashley Cates, an employee of the Department of Children and Families, interfered with our parental time by continuing to force our minor children to their father, Luis E Valdivia (Inflicting mental suffering, violating parental rights, and persecuting blameless individuals)

70. Katheryn Kutepow was knowingly misled by Ashley Cates whom both attempted on July 9, 2021, to obtain a warrant for Plaintiff arrest. Warrant issued on July 12, 2021.

71. Plaintiff's family stated there were several law enforcement officers in Plaintiff searching the court ordered nesting home without consent. Plaintiff arrested on July 13, 2021 (violations of civil rights, negligence, and deception). On July 13, 2021, an arrest that was expunged in November 2020 reappeared on record. Katheryn Kutepow was aware that Plaintiff invoked her rights and was to appear in two different docket proceedings within a couple of days of the arrest.

72. Municipal Judge Francesco Taddeo of the Hillsborough municipality had issued the misrepresented warrant for Rosa Valdivia on July 12, 2021. Detective Kathryn Kutepow's misrepresentations that were received electronically. The Court's judicial personnel have been unable to locate this warrant presently, and on October 14, 2022, Somerset County transferred the case to Middlesex County due to Somerset County's conflict of interest.

73. Both the Department of Children and Families and Detective Kathryn Kutepow had access to medical records, interviewed family members in 2020, interviewed Department of children and families and advised Plaintiff on day of arrest that had collaboration with local law enforcement and her friend Ashley Cates. Yet this was not presented to the Court.

74. On July 20, 2021, Plaintiff was released without understanding of the warrant and could not presently have permission to visit Eudoxia, the alleged minor victim.

75. In Eudoxia's best interest, I cannot visit my other minor biological child till presently as well. (Violation of due process/equal protection/interference with custody)

76. Ms. Vallejo, judiciary staff notified me via email on or about 2021 that the FN Judge had modified my judicial orders, removing my three children from the restraining order *sua sponte*. (Violation of Due Process and Equal Protection)

77. Plaintiff was unable to attend religious services, receive proper medical care, obtain appropriate court attire, communication with Plaintiff family to inform court Plaintiff was incarcerated in Somerset County Jail.

78. Plaintiff went to the sheriff's office upon my release to inquire about the possibility of saving matrimonial home

79. While in incarceration, Plaintiff contracted Covid, and family were unable to visit me and bring me the necessary medical care, sanitation supplies I was in need of at that time. I am presently suffering from Covid residuals.

80. When Plaintiff's friends and family discovered Plaintiff had been detained again, they contacted the courthouse on Plaintiff's behalf.

81. Plaintiff was scheduled to appear in court on two separate dates, July 16, 2021, and July 19, 2021. Unable to attend July 16, 2021, due to incarceration, the Court reduced Plaintiff's alimony.

82. On July 19, 2021, Plaintiff was unable to attend Court in proper attire so Somerset County Jail transferred Plaintiff in Somerset County jail attire. Failing to provide the medical care Plaintiff needed after the excessive force arrest of Katheryn Kutepow. Plaintiff had invoked her rights previously, yet none were adhered to. Plaintiff was forced to testify against ADA approved accommodations and not having access to Plaintiff's records which had been approved by Judge a few months prior. Plaintiff having invoked rights of self-representation, the right to maintain silence, and the right to face my accusers; these rights were ignored by all. (Violation of civil rights, denial of due process, and denial of equal protection)

83. After my release, I was able to speak out about my innocence and the injustice of my case and exercise my rights. Till present I still do not have any access or information about my minor children. (causes of intentional emotional suffering, parental alienation)

84. On September 22, 2022, Plaintiff was contacted by a restricted number. During the phone call, Plaintiff informed the caller who was from the Somerset County prosecutor office, counsel, and court administration that after speaking to Lt. Crater of the Manville police I would advise her of same. Lt. Crater stated that he and the Prosecutor's office were investigating a report by Dorothy B. Hersch (Malicious prosecution/negligence) in which Eudoxia made comparable accusations against her grandparens. Lt. Crater was advised that Counsel had advised Plaintiff family and I to have Counsel present. No action has been taken presently.

85. In October 2022, against the parents' desires and based on the therapist reports of children from the Children's System of Care and PerformCare who did not testify, the Department of Children and Families amended their dismissal with restraints against both children for only Rosa Valdivia and against minors' wishes.

86. Detective William Sampson Officer Franzoso (Breach of Duty) has denied correcting or clarify the misrepresentations or internal affairs investigations into their police reports, and no action was taken regarding my third restraining order against Luis E. Valdivia.

87. The police were aware of Mr. Luis E. Valdivia's history of perjury in court, but they did nothing to defend Plaintiff and the children. They contributed to Rosa Valdivia's malicious persecution. (Failure to intervene) Rosa Valdivia has appeared numerous times before the Superior Court, pursuing justice since 2019.

88. The judge asserts during proceedings he carefully reviewed DYFS records when they were presented to him, spoke with our minor children in chambers on February 18, 2020, and still granted us joint custody. (When Luis E. Valdivia was detained for child abuse and contempt of court in May 2019, this same judge promptly released him against the wishes of the Prosecutor's office. Civil liberties and legal, due process This Judge is now the Somerset County Prosecutor so rather than dismissing the case, Somerset County transferred it to Middlesex County.

89. Instead of submitting Plaintiff's emergent motion as a regular motion to be heard, the Court denied October 2022 emergent notice. Knowingly, knowing plaintiff is still indigent and has court approved ADA accommodations. No reasonable accommodation has been provided despite them being approved. I had to be forced to accept the Office of Public Defenders to obtain transcripts recently released in my case. Presently still awaiting the audio proceedings to the covid residuals the Plaintiff is with. Plaintiff was informed that the Court was overburdened due to a personnel shortage. (breach of duty)

90. Civil rights violations and due process violations Transcripts Due to various magnifications, CourtSmart recording, and Virtual Zoom platform interfered with Rosa Valdivia's objections and cross-examination. There is a considerable amount of "indistinguishable" audio making these audio recordings essential for even this complaint being presented to District Court.

## CAUSES OF ACTION

## I. Violation of 42 U.S.C. § 1983 – False Arrest and Unlawful Detention

91. Plaintiff incorporates each and all the above-listed paragraphs as though fully set forth herein.

92. Defendant Officer Scott McCarthy, with deliberate indifference to Plaintiff's constitutional rights, fabricated material facts indicating abuse of children in a police report, leading to Plaintiff's false arrest and unlawful detention, thereby violating Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

93. Defendant Officer Christopher Joseph Kennedy, by presenting inaccurate information and suppressing material information in support of the probable cause for restraining order violation, caused Plaintiff's false arrest and unlawful detention, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

94. Defendant Officer Christopher Michael, by possessing substantial information regarding inaccuracies in his fellow officers' reports and testimonies but failing to intervene, participated in Plaintiff's unlawful arrest and detention in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## II. Malicious Prosecution

95. Plaintiff incorporates each and all the above-listed paragraphs as though fully set forth herein.

96. Defendants Officer Scott McCarthy and Officer Christopher Joseph Kennedy initiated and continued a malicious prosecution against Plaintiff by fabricating evidence, providing false testimony, and withholding exculpatory information, resulting in Plaintiff's continued separation from their children and the filing of baseless charges, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and New Jersey state law.

## III. Violation of Due Process Rights

97. Plaintiff incorporates each and all the above-listed paragraphs as though fully set forth herein.

98. Defendants Department of Children and Families, Children's System of Care & PerformCare, Somerset DCPP Workers, and D. Soult The Hotline, with knowledge of inaccuracies in officers' reports and testimonies, failed to intervene, causing Plaintiff to suffer the unlawful arrest, detention, and separation from their children without due process of law, in violation of Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and New Jersey state law.

## IV. Violation of New Jersey State Law

99. Plaintiff incorporates each and all the above-listed paragraphs as though fully set forth herein.

100. Defendant's actions constituted a violation of New Jersey State law, including the New Jersey Constitution and N.J.S.A. § 9:6-8.21 et seq.

101. The defendant breached its duties under state law, including its duty to investigate abuse allegations thoroughly and impartially and its obligation to protect the welfare of children by permitting them to remain in the custody of safe and nurturing parents.

102. The defendant acted willfully and recklessly and with deliberate indifference to Plaintiff's rights to parental custody, ignoring clear risks of emotional and physical harm to the children.

103. Defendant's actions were the direct and proximate cause of Plaintiff's loss of parental custody and several months of mental and emotional anguish.

104. Plaintiff is therefore entitled to relief under New Jersey State law.

## V. Common Law Fraud

105. Plaintiff incorporates each and all the above-listed paragraphs as though fully set forth herein.

106. Defendants or their agents made material misrepresentations of fact with the intent to deceive Plaintiff and deprive her of her right to parent her children.

107. Plaintiff relied on these misrepresentations to her detriment.

108. Defendants' actions constitute common law fraud.

109. Plaintiff has been injured and therefore is entitled to compensatory and injunctive relief, including monetary relief based on emotional trauma and pain and suffering.

## VI. **Negligence and Bias**

110.　　Plaintiff incorporates each and all the above-listed paragraphs as though fully set forth herein.

111.　　Defendants owed a duty of care to Plaintiff and her children to investigate claims of child abuse and neglect fairly, impartially, and in accordance with state and federal law.

112.　　Defendants breached this duty of care by failing to investigate Luis E Valdivia's history of abusive conduct towards Plaintiff's children and by granting Luis E Valdivia custody of Plaintiff's children despite the children's complaints that they did not want to be with Luis E Valdivia.

113.　　Defendant also breached its duty of care by overlooking evidence that Luis E Valdivia had fabricated facts with the intention of labeling Plaintiff as dangerous to the care of her children, which led to the children being compelled to give inaccurate testimony against Plaintiff.

114.　　Defendants' failure to investigate and intervene appropriately was a proximate cause of Plaintiff's damages.

115.　　Plaintiff is therefore entitled to damages for Defendants' negligence.

## VII. **Conspiracy**

116.　　Plaintiff incorporates each and all the above-listed paragraphs as though fully set forth herein.

117.　　Defendants or their agents made material misrepresentations of fact with the intent to conspire against Plaintiff and deprive her and children of their rights.

118.　　Plaintiff relied on Defendants obligations to her detriment.

119.　　Defendants' actions constitute conspiracy.

120.　　Plaintiff has been injured and therefore is entitled to compensatory and injunctive relief, including monetary relief based on emotional trauma and pain and suffering.

## VIII. **New Jersey Law against Discrimination**

121.　　Plaintiff incorporates each and all the above-listed paragraphs as though fully set forth herein.

122.　　Defendants owed a duty of care to Plaintiff and her children fairly, impartially, and in accordance with state and federal law.

123.     Defendants breached this duty of care by failing to adhere to their approved regulations.

124.     Defendant also breached its duty of care by overlooking evidence that would have exonerated Plaintiff and listened to children's complaints.

125.     Defendants' failure to adhere to standards in place was a proximate cause of Plaintiff's damages.

126.     Plaintiff is therefore entitled to damages for Defendants' negligence.


**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Declare that Defendants' actions violated Plaintiff's constitutional rights and New Jersey state law.

2. An injunction ordering Defendants to enforce joint legal and physical custody of minor children Eudoxia or RosaMaria.

3. An injunction ordering Defendants to be better trained in handling domestic violences family matters that subsequently lead to an increase of domestic violence pattern and history towards victim(s).

4. An injunction ordering Defendants to not be able to cohesively amend their reporting years later to fit their future court outcomes.

5. An injunction ordering Defendants to be forthcoming with all encountered amidst investigations specifically closed ones labeled, "Not established" with no preponderance of evidence.

6. An injunction ordering Defendants to comply with court ordered discovery requests including but not limited to providing Plaintiff with audio court proceedings of all dockets Defendants intervened with.

7. An award of damages for Plaintiff's loss of parental custody and several months of mental and emotional anguish as well as any other damages Plaintiff might have or will continue to suffer as a result of Defendants wrongful actions.

8. Award compensatory damages, punitive damages, and any other appropriate relief available under 42 U.S.C. § 1983 and New Jersey state law, to be determined at jury trial.

9. Issue injunctive relief, including but not limited to restraining orders or any other necessary measures to prevent further harm to Plaintiff and children.

10. Award Plaintiff reasonable fees, costs, and expenses incurred in this action, pursuant to 42 U.S.C. § 1988 and other applicable laws.

11. Grant any further relief that this Court deems just and proper.

12. Demand a trial by jury for all issues triable by a jury.

Plaintiff hereby certifies that a true and correct copy of the foregoing Complaint will be served upon State agencies via certified mail. Plaintiff respectfully requests the Court to serve Elizabeth Gutierrez, Luis E Valdivia and Luis R Valdivia as Plaintiff has a final restraining order against ex-spouse, Luis E Valdivia to the addresses provided.

Respectfully submitted,

/s/ Rosa Valdivia
Rosa Valdivia
Po Box 207-1996
Trenton, NJ 08602
FN1810421@gmail.com
407-725-2479