**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA VALDIVIA, *individually and on behalf of her children*,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWNSHIP OF HILLSBOROUGH POLICE, *et al.*,<br><br>    Defendants. | Civil Action No. 23-3660 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court on pro se Plaintiff Rosa Valdivia, individually and on behalf of her children, ("Plaintiff") application to proceed *in forma pauperis* ("IFP Application") without prepayment of fees under 28 U.S.C. § 1915. (IFP Appl., ECF No. 13.) In support of her IFP Application, Plaintiff submitted a statement of all her assets, income, and expenses. (*See generally id.*) Upon review of Plaintiff's IFP Application, the Court finds that Plaintiff has established indigence and grants the IFP Application.

  Having granted Plaintiff IFP status, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen her Complaint. (Compl., ECF No. 1.) The Court screens the Complaint to determine at the outset whether any claim should be dismissed: (1) as frivolous or malicious; (2) for failure to state a claim upon which relief may by granted; or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that

for dismissing a complaint pursuant to [Rule[1]] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (explaining that when evaluating a motion to dismiss, all factual allegations must be taken as true). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

      Courts construe pro se pleadings liberally. *See Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (*see also Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a pro se litigant's pleadings liberally."). That said, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] All references to "Rule" or "Rules" in this Memorandum Order refer to the Federal Rules of Civil Procedure.

2

Here, while Plaintiff names over forty defendants and brings eight claims, she avers just three federal claims against a subset of those forty defendants. (*See generally* Compl.) After consideration of her federal claims,[2] and for the reasons below, Plaintiff's Complaint is dismissed.

Plaintiff's allegations against the various state and private actors named as defendants primarily sound in child custody disputes and the fabrication of evidence. Plaintiff's federal claims, in particular, allege: (1) Violation of 28 U.S.C. § 1983-False Arrest and Unlawful Detention; (2) Malicious Prosecution; and (3) Violation of Due Process Rights. (*See generally id.*) As these claims serve as anchor claims for federal jurisdiction, the Court considers them first.

While Plaintiff outlines a long and sprawling timeline of transgressions that is difficult to follow, this Court streamlines her allegations liberally and to the best of its ability below. Plaintiff is the mother of two children (the "Children"). (Compl. ¶ 7.) Plaintiff and her ex-spouse, Luis Valdivia ("Valdivia") have a tumultuous relationship. (*See generally id.*) Plaintiff alleges that her children, at some point, were taken away from her. (*See id.* ¶¶ 7, 36, 49, 58, 71.) Both her and Valdivia have, over a period of years, received several restraining orders against each other and battled, to some extent, for custody of the Children. (*See id.* ¶¶ 20, 36, 75, 88.) Plaintiff alleges that through her back and forth in the state court system with Valdivia, Valdivia and certain law enforcement officials conspired to arrest[3] Plaintiff for violations of restraining orders. (*See id.* ¶¶

---

[2] There is no diversity jurisdiction in this case because all parties in the Complaint reside in New Jersey, *see* 28 U.S.C. § 1332, the Court only considers Plaintiff's federal claims to assess whether Plaintiff's claims should remain in this Court, *see* 28 U.S.C. § 1331. For the reasons set forth in this Memorandum Order, all claims over which this Court has original jurisdiction, i.e., Plaintiff's federal claims, are dismissed, and therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c).

[3] In particular, Plaintiff appears to allege she was falsely arrested where a police officer provided fraudulent information to support a probable cause finding sufficient to acquire an arrest warrant against Plaintiff. (Compl. ¶¶ 70-72.)

18, 28, 34, 50, 87.) To this end, Plaintiff's constitutional rights have been allegedly infringed. (*See id.* ¶¶ 91-98.)

Turning to Plaintiff's federal claims in the context of the above facts, first, "[t]o state a claim for malicious prosecution under § 1983 a plaintiff must [allege:] '(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizures as a consequence of a legal proceeding.'" *Ramnanan v. Keiffer*, No. 20-12747, 2023 WL 2665598, at *7 (D.N.J. Mar. 28, 2023) (quoting *Waselick v. Twp. of Sparta*, No. 16-4969, 2017 WL 2213148, at *8 (D.N.J. May 18, 2017)). This claim appears to only be brought against Defendants Officer Scott McCarthy ("McCarthy") and Officer Christopher Joseph Kennedy ("Kennedy"). (Compl. ¶¶ 92–93.)

Plaintiff mentions the existence of criminal proceedings against her, but provides no details about their nature or whether they are concluded. (*See id.* ¶ 49 ( "[T]he proceedings against me should have been dismissed [and y]et *presently* [there are] charges brought by the State on July 12, 2021" (emphasis added)).) Moreover, it is unclear throughout the Complaint if Plaintiff is referring to criminal proceedings, agency proceedings, or both. (*See id.* ¶ 49 (seemingly referring to criminal proceedings); ¶ 64 (referring to a Department of Children & Family ("DCF") proceeding that may be ongoing).) Without knowing if any criminal proceeding against Plaintiff which serves as the basis for her claim has been concluded, her malicious prosecution claim against

McCarthy and Kennedy fails because she does not allege that a criminal proceeding ended in her favor.[4]

Second, Plaintiff alleges that Kennedy presented "inaccurate information and suppress[ed] material information in support of the probable cause for [Plaintiff's] restraining order violation." (*Id.* ¶ 93.) The Court infers that Plaintiff intends to allege here that Kennedy provided inaccurate information to a judge who then issued a warrant for Plaintiff's arrest. (*See id.* ¶¶ 70, 72, 74, 93.) In this circumstance, therefore, the question for the Court in assessing Plaintiff's claim is whether Kennedy "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant." *Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (citation omitted).

Plaintiff provides insufficient allegations to support her claim. In particular, Kennedy is only mentioned four times in the Complaint, and there are no specific allegations as to what fraudulent or incomplete information he provided to a judge in seeking a warrant. (Compl. ¶¶ 53, 93, 96.) In fact, little to nothing is alleged at all about the reasons for Plaintiff's 2021 arrest. (*See generally id.*) In the absence of any cognizable pleadings that can support her false arrest claim, Plaintiff's false arrest claim too must be dismissed.

Finally, Plaintiff alleges a violation of due process claim under the Fourteenth Amendment. (*Id.* ¶¶ 97-98.) This claim is alleged against a handful of state agencies or private providers involved in children's welfare. (*See id.*). Plaintiff generally accuses these actors of failing to intervene to prevent Plaintiff's false arrest. (*Id.*) Even if the Court were to accept Plaintiff's

---

[4] The Court recognizes that several times in the Complaint Plaintiff refers to expungement of past charges. (Compl. ¶¶ 18, 49, 54, 71.) The references to expungement, however, predate 2021, the date which Plaintiff alleges her wrongful arrest and prosecution occurred. (*Id.*)

allegations as supporting a cognizable theory under Section 1983, which the Court is unwilling to do where it is unclear what duty state agencies or private actors have to intervene to prevent a citizen's arrest, Plaintiff provides no factual support suggesting a breach of this purported duty. (*See generally id.*) If the allegation is that state agencies and private actors lied to police and she was arrested because of those lies, Plaintiff does not sufficiently state a claim where she does not identify what lies were told and how or why they led to her arrest. (*See generally id.*)

In full, none of Plaintiff's alleged federal claims are cognizable on the allegations provided, and as such, Plaintiff's federal claims are dismissed. The Court does not evaluate Plaintiff's state law claims as it declines supplemental jurisdiction over them. Plaintiff's Complaint, however, will be dismissed without prejudice should she wish to amend her federal claims to provide more specificity.

For the reasons outlined above,

**IT IS** on this 4th day of November, 2024 **ORDERED** that:

1. The Clerk of Court shall reopen this matter for consideration of Plaintiff's renewed IFP Application (ECF No. 13).
2. Plaintiff's IFP Application (ECF No. 13) is **GRANTED**.
3. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.
4. The Clerk of Court shall close this case.

5. Plaintiff shall have thirty (30) days from the issuance of this Memorandum Order to file an amended complaint.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**